IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY GLEN ROBINSON,

        Plaintiff,                  No. CIV S-07-0729 DFL DAD P

    vs.

HEYWARD,

        Defendant.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $10.14 will be assessed by this order. <u>See</u> 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

1 the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of
2 twenty percent of the preceding month's income credited to plaintiff's prison trust account.
3 These payments will be collected and forwarded by the appropriate agency to the Clerk of the
4 Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in
5 full.  See 28 U.S.C. § 1915(b)(2).

6       The court is required to screen complaints brought by prisoners seeking relief
7 against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
8 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
9 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
10 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
11 U.S.C. § 1915A(b)(1) & (2).

12       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
14 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
15 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
16 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
17 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
18 Cir. 1989); Franklin, 745 F.2d at 1227.

19       A claim should be dismissed for failure to state a claim upon which relief may be
20 granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the
21 claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing
22 Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651
23 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must
24 accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees,
25 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable
26 /////

1 to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S.
2 411, 421 (1969).

3       Here, plaintiff alleges that on January 12, 2007 at California State Prison -
4 Sacramento, he was placed in a holding cage for three hours which resulted in him requiring
5 emergency treatment for hypothermia. As a result of this medical condition, plaintiff developed
6 a blood clot in his left leg which continues to cause swelling and pain. On January 27, 2007,
7 plaintiff was transported to the UCD Medical Center for further treatment. Plaintiff's only
8 allegation concerning defendant correctional officer Heyward is that defendant escorted plaintiff
9 to the B-1 Psych Unit.

10       The allegations in plaintiff's complaint are so vague and conclusory that the court
11 is unable to determine whether the current action is frivolous or fails to state a claim for relief.
12 Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to
13 the defendant and must allege facts that support the elements of the claim plainly and succinctly.
14 Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege
15 with at least some degree of particularity overt acts which defendant engaged in that support his
16 claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
17 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an
18 amended complaint.

19       In the event that plaintiff is alleging an Eighth Amendment claim, plaintiff is
20 provided the following legal standards. Jail and prison officials have a duty to provide humane
21 conditions of confinement; officials must ensure that inmates receive adequate food, clothing,
22 shelter, and medical care, and must take reasonable measures to guarantee the safety of inmates.
23 Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). However, only "unnecessary and wanton
24 infliction of pain" constitutes cruel and unusual punishment forbidden by the Eighth
25 Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651,
26 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). "It is obduracy and wantonness, not

inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

"[A] prison official violates the Eighth Amendment only when two requirements are met." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The second requirement, flowing from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment, is a subjective one; "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have had a 'sufficiently culpable state of mind.'" Id. (quoting Wilson, 501 U.S. at 297). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety . . . ." Id. (quoting Wilson, 501 U.S. at 302-03.)

If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 17, 2007 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $10.14. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the court; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: April 26, 2007.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
robi0729.14