IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY GLEN ROBINSON,

        Plaintiff,                No. CIV S-07-0729 RRB DAD P

    vs.

HEYWARD,

        Defendant.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed April 27, 2007, plaintiff's complaint was dismissed with leave to file an amended complaint.  When plaintiff failed to file his amended complaint, the court issued findings and recommendations recommending that this action be dismissed.  Subsequently, plaintiff filed a request for additional time to file his amended complaint.  On June 22, 2007, the court granted plaintiff's request.  Before the court is plaintiff's amended complaint, filed on July 3, 2007.

        Although plaintiff was directed to use the form complaint provided by the court, he has filed a two-page narrative which does not provide the information that is required in the form complaint.  Therefore, the court will dismiss the amended complaint and grant plaintiff one final opportunity to file a proper complaint.  Plaintiff is advised that he must demonstrate how

1   the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or

2   statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The second amended

3   complaint must allege in specific terms how each named defendant was involved in the

4   deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

5   some affirmative link or connection between a defendant's actions and the claimed deprivation.

6   Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

7   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of

8   official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

9   F.2d 266, 268 (9th Cir. 1982).

10          Plaintiff is reminded that the court cannot refer to prior pleadings in order to make

11  his second amended complaint complete.  Local Rule 15-220 requires that an amended complaint

12  be complete in itself without reference to any prior pleading.  This is because, as a general rule,

13  an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57

14  (9th Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleading no longer

15  serves any function in the case.  Therefore, in a second amended complaint, as in an original

16  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

17          Accordingly, IT IS HEREBY ORDERED that:

18          1.  The findings and recommendations, filed on June 8, 2007, are vacated;

19          2.  Plaintiff's July 3, 2007 amended complaint is dismissed;

20          3.  Plaintiff is granted thirty days from the date of service of this order to file a

21  second amended complaint that complies with the requirements of the Civil Rights Act, the

22  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint

23  must bear the docket number assigned to this case and must be labeled "Second Amended

24  Complaint"; plaintiff must use the form complaint provided by the court; failure to file a second

25  amended complaint in accordance with this order will result in a recommendation that this action

26  be dismissed without prejudice; and

1          4.  The Clerk of the Court is directed to provide plaintiff with the court's form

2   complaint for a § 1983 action.

3   DATED: July 27, 2007.

4

5                                                    _____

6   DAD:4                                            DALE A. DROZD
    robi0729.14am                                    UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26