IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY GLEN ROBINSON,

    Plaintiff,                        No. CIV S-07-0729 JAM DAD P

    vs.

HEYWARD, et al.,                    ORDER AND

    Defendants.                 FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is the defendant's motion to dismiss the action due to plaintiff's failure to exhaust administrative remedies. Following the court's June 26, 2008 order that he file his opposition to the pending motion or show cause why sanctions should not be imposed, plaintiff filed his response.[1]

/////

/////

---

[1] Correctional Officer S. Alexander is the sole defendant upon whom service was authorized by the court. In his second amended complaint filed August 28, 2007, plaintiff also named an officer Heyward as a defendant but the court did not authorize service on that individual because of the absence of any factual allegations in the second amended complaint relating to him. See Order filed October 4, 2007.

1

I. <u>Defendant's Motion to Dismiss</u>

        Defendant contends that plaintiff failed to exhaust administrative remedies with respect to his claim that on January 12, 2007, defendant Alexander refused to move plaintiff from an outside holding cell which resulted in plaintiff suffering from hypothermia. In this regard, defendant acknowledges that plaintiff filed an administrative appeal on January 21, 2007, regarding the January 12 incident. (Mot. to Dismiss (MTD), O'Brian Decl., Ex. A.) That appeal, which was assigned log number 07-00266, was partially granted at the first level of review on March 6, 2007. (<u>Id.</u>, O'Brian Decl., Ex. B.) The first level response indicated that the appeal was processed as a staff complaint and that an inquiry was conducted. The results of the inquiry, however, were deemed confidential because it involved personnel matters. (<u>Id.</u>) Plaintiff was provided the following information regarding the appeals process at that time:

> Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

(<u>Id.</u>)

        Defendant contends that despite these instructions plaintiff did not exhaust his administrative remedies by seeking a second or third level review. In support of that contention the Appeals Coordinator at California State Prison - Sacramento has submitted a declaration and a copy of the computer printout from the Inmate Appeals Tracking System showing that plaintiff did not appeal his grievance, log number 07-00266, to the second level of review. (<u>Id.</u>, O'Brian Decl. at 2, Ex. C.) In addition, N. Grannis, the Chief of the Inmate Appeals Branch of the California Department of Corrections and Rehabilitation, has provided a declaration stating that he searched the computer database for grievances submitted by plaintiff, and there is no record that plaintiff filed a third-level appeal concerning the incident at issue in this case. (<u>Id.</u>, Grannis Decl. at 2, Ex. A.) Since plaintiff did not exhaust administrative remedies at the third level of

review (Director's level), defendant argues that the second amended complaint must be dismissed. (MTD at 3-4.)

## II. Plaintiff's Response

Plaintiff asserts that in the interest of justice, his second amended complaint should not be dismissed because his first and second amended complaints show that his due process rights were violated. Plaintiff also argues that his administrative remedies were exhausted when defendant "and his superiors fail[ed] to acknowledge the law and their own policy which according to the CCR Title 15, 3271 [sic] states, every employee, regardless of his or her assignment, is responsible for the safety of the inmate(s) confined in the institutions of the department." (Pl.'s Response at 1.) Plaintiff also contends that he is "at a disadvantage, due to my placement in administrative segregation" and requests the appointment of counsel. (Id. at 2.)

## III. The Exhaustion Requirement

By the Prison Litigation Reform Act of 1995 (PLRA), Congress provided that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The Supreme Court has ruled that under 42 U.S.C. § 1997e(a), exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6. Because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

In California, prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress from an informal review through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5. A decision at the third formal level, also referred to as the Director's level, is not appealable and will conclude a prisoner's administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available before filing suit. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. Jones v. Bock, 549 U.S. 199, ___, 127 S. Ct. 910, 921 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003). The defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary judgment – then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record."[2] Id. at 1120 n.14. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005), cert. denied, ___ U.S. ___, 127 S. Ct. 1212 (2007).

/////

---

[2] Plaintiff was notified of the requirements for opposing a motion to dismiss brought pursuant to non-enumerated Rule 12(b) on November 5, 2007. (Order filed Nov. 5, 2007 at 3-4.)

On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 127 S. Ct. at 924.

IV. Analysis

As the court noted above, the exhaustion requirement applies to all inmate suits about prison life. Accordingly, exhaustion of administrative remedies prior to filing suit is required in this case, where plaintiff has alleged that the defendant disregarded his health by keeping him in an outdoor holding cell. Here, the record before the court reveals that plaintiff did not proceed beyond the first level of the prison administrative grievance process even though he was specifically advised in the first level response that he had to pursue his grievance through the Director's level before his administrative remedies would be considered exhausted. (See MTD, O'Brian Decl., Ex. B.) Because the record clearly establishes that plaintiff failed to exhaust his administrative remedies prior to filing this action, the motion to dismiss should be granted and this action be dismissed without prejudice.[3]

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's July 8, 2008 request for the appointment of counsel, is denied.

Also, IT IS HEREBY RECOMMENDED that:

1. Defendant Alexander's January 11, 2008 motion to dismiss for failure to exhaust administrative remedies (Doc. No. 21), be granted; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[3] In light of this conclusion, plaintiff's request for the appointment of counsel will be denied.

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within five days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: July 24, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
robi0729.mtd